UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAVIER A. MOLINA, and
JUAN F. FLORES,

      Plaintiffs,

v.                                                Case No:   2:18-cv-771-JES-UAM

CULINARY EXPERTS, INC., a/k/a
LA GROTTA ITALIAN GRILL, and
MOUHSINE LAHLIL, individually,

      Defendants.
_____

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of a Joint Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice. Doc. 18. The parties request that the Court approve their settlement of the Fair Labor Standards Act ("FLSA") claim and dismiss the case with prejudice. *Id.* at 1. For the reasons stated below, the Court recommends that the settlement be approved, dismissing Plaintiffs' claims with prejudice, but that the Court deny the parties' request for retention of jurisdiction.

On November 19, 2018 Plaintiffs Javier A. Molina and Juan F. Flores filed this case against Defendants seeking recovery of unpaid overtime wages under the FLSA. Doc. 1. Defendants allegedly employed Plaintiffs as cooks. Plaintiff Javier A. Molina worked for Defendants from approximately September 27, 2017 to September 20, 2018. Plaintiff Juan F. Flores worked for

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

Defendants from approximately September 29, 2017 to September 20, 2018. *Id.* ¶¶ 10-11. Plaintiffs claim Defendants failed to maintain proper time records and willfully violated the FLSA by failing to properly compensate them for overtime worked. *See id.* ¶¶ 15-18. On March 19, 2019, Plaintiffs filed their Joint Motion for Entry of Order Approving Settlement and Dismissing the Case with Prejudice and the proposed settlement agreement. Docs. 18, 18-1.

In approving an FLSA settlement, the Court must determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court to review and determine that the settlement is fair and reasonable. *Id.* at 1353-54.

In approving an FLSA settlement agreement, the Eleventh Circuit provided that:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

"Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement . . . If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009). Nevertheless, the Court must scrutinize the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food Store*, 679 F.2d at 1355.

Here, the joint motion states that a bona fide dispute exists between the parties as to the number of hours worked and whether Plaintiffs qualified for exemption under the FLSA. Doc. 18 at 1-3. The parties have agreed to payment of $4,000 to each Plaintiff representing unpaid wages and liquidated damages, with $2,000 representing unpaid wages and $2,000 representing liquidated damages. *Id.* at 5; *see* Doc. 18-1. The settlement agreement provides that in exchange for the settlement proceeds, Plaintiffs agree to dismiss the case and release Defendants of "all claims Plaintiffs have or might have under FLSA against Defendants." Doc. 18-1 at 2. The parties believe this is a fair and reasonable compromise of Plaintiffs' FLSA claims. Doc. 18 at 4.

Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court recommends the monetary terms of the proposed settlement to be a fair and reasonable compromise of the dispute. Other courts in this district similarly have approved settlements for a compromised amount in light of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation. *See e.g.*, *Diaz v. Mattress One, Inc.*, No. 6:10-CV-1302-ORL-22, 2011 WL 3167248, at *2 (M.D. Fla. July 15, 2011), report and recommendation adopted, 2011 WL 3166211 (M.D. Fla. July 27, 2011); *see also Dorismond v. Wyndham Vacation Ownership, Inc.*, No. 6:14-cv-63-Orl-28GJK, 2014 WL 2861483 (M.D. Fla.

June 24, 2014); *Helms v. Ctr. Fla. Reg'l Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491 (M.D. Fla. Dec. 26, 2006).

Additionally, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Pursuant to *Bonetti*,

> The best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

715 F. Supp. 2d at 1228.

Here, the parties reached settlement and agreed upon the costs separately and without regard to the amount paid to Plaintiffs. Doc. 18-1 at 10-11. Defendants agree to pay Plaintiffs' attorney's fees and costs in the amount of $4,500. *Id.* at 3. The Court recommends this amount is reasonable and that the settlement agreement as proposed is a fair and reasonable agreement.

However, the parties request that the Court retain jurisdiction to enforce the terms of the settlement agreement in its joint motion and the settlement agreement. Doc. 18 at 7. Courts in this District routinely deny requests to retain jurisdiction to enforce terms of an FLSA settlement. *See, e.g, Correa v. Goldblatt*, No. 6:10-cv-1656-Orl-28DAB, 2011 WL 4596224, at *3 (M.D. Fla. Sept. 9, 2011), *report and recommendation adopted*, 2011 WL 4704196 (M.D. Fla. Oct. 4, 2011); *Smither v. Dolphin Pools of SW Fla., Inc.*, No. 2:11-cv-65-FtM-29DNF, 2011 WL 2565494, at *2 (M.D. Fla. June 9, 2011), *report and recommendation adopted*, 2011 WL 2580459 (M.D. Fla. June 29, 2011). The parties provided no argument in support of their request that the Court retain jurisdiction, *see* Doc. 18, and the undersigned finds no compelling reason for the Court to retain

jurisdiction to enforce the terms of the settlement agreement. *See King v. Wells Fargo Home Mortg.*, No. 2:08-cv-307-FtM-29SPC, 2009 WL 2370640, at *1 (M.D. Fla. July 30, 2009) (approving FLSA settlement agreement but denying parties' request to retain jurisdiction where the agreement did not require it and the parties offered no articulation of independent jurisdiction). While the Court recommends the monetary terms of the settlement agreement should be approved, it is the Court's recommendation that the parties' request for the Court to retain jurisdiction be denied.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. The Joint Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice (Doc. 18) be **GRANTED in part and DENIED in part**.

2. The Settlement Agreement and Plaintiffs' Full and Final Release of Claims for Unpaid Wages (Doc. 18-1) be **APPROVED.**

3. The parties' request for the Court to retain jurisdiction over enforcement of the settlement agreement be **DENIED**.

4. The Court enter an order **DISMISSING** with prejudice all claims asserted in this action by Plaintiffs.

**DONE** and **ENTERED** in Fort Myers, Florida on this 26th day of March, 2019.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:
Counsel of record